WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Lozano Solis,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV 18-00988-PHX-GMS (JZB)<br><br>**ORDER** |

Pending before the Court is Magistrate Judge John Z. Boyle's Report and Recommendation ("R&R") (Doc. 19), which recommends that Petitioner Antonio Lozano Solis's Petition for the Writ of Habeas Corpus (Doc. 1) be denied.

Also pending before the Court is Petitioner's Motion to Amend his Objections to the R&R (Doc. 27)[1] and his Motion to Appoint Counsel (Doc. 30).

**BACKGROUND**

Because no party has objected to the procedural background as set forth in the R&R, the Court adopts the background as an accurate account. (Doc. 19 at 1–5).

**I. Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is*

---

[1] Solis's Motion to Amend is granted, but his request for oral argument is denied because the parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

*made*, but not otherwise. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

When reviewing habeas claims, a federal court may not grant habeas relief unless the state's adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(1); *see Robertson v. Pichon*, 849 F.3d 1173, 1182 (9th Cir. 2017). "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal citations and quotations omitted). Review of a prior state court decision under § 2254(d)(1) by a federal court is limited to the record "before the state court that adjudicated the claim on the merits." *Id*. "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015).

Procedural default occurs when a petitioner has not exhausted a federal habeas claim by first presenting the claim in state court and is now barred from doing so by the state's procedural rules (including rules regarding waiver and preclusion). *Castille v. Peoples*, 489 U.S. 346, 351 (1989). If a state court properly applies a state procedural bar during post-conviction proceedings that prevents the state court from considering the merits, those claims are also procedurally defaulted. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). In Arizona, for non-capital cases, a petitioner does not exhaust a claim for purposes of federal review unless he has presented it to the Arizona Court of Appeals. *Castillo v. McFadden,* 399 F.3d 993, 998 (9th Cir. 2004).

/ / /

In the event of procedural default, habeas review is foreclosed absent a showing of "cause and prejudice." *Reed v. Ross*, 468 U.S. 1, 11 (1984). To demonstrate cause, a petitioner must show that "some objective factor external to the defense" impeded his efforts to raise the claim in state court. *Davila*, 137 S. Ct. at 2065 (internal citations and quotations omitted); *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). "Prejudice is actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1992) (internal quotation omitted).

**II.    Analysis**

    **A.    Motion to Appoint Counsel**

There is no constitutional right to appointed counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further"). The Court, however, does have the discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel" under § 1915(e)(1). *Wilborn*, 789 F.2d at 1331.

Having considered both factors, the Court finds that Petitioner has not demonstrated a likelihood of success on the merits or that any difficulty he is experiencing in attempting to litigate his case is due to the complexity of the issues involved. While Plaintiff has pointed to difficulties that he is experiencing with regards to prison resources and personal limitations, such difficulties do not make his case exceptional. Accordingly, this case does not currently present circumstances requiring the appointment of counsel.

/ / /

### B. Review of Objections

Solis objects to several findings of Magistrate Judge Boyle, arguing that (1) his trial counsel's failure to investigate the gang expert constituted ineffective assistance of counsel, (2) that his trial counsel's failure to call additional witnesses to the stand constituted ineffective assistance of counsel, (3) that his conviction was because of prosecutorial misconduct, (4) that judicial bias affected his proceedings, (5) that his conviction was obtained in violation of his right to Due Process, and (6) that the record as a whole establishes his actual innocence. Because Solis does not meaningfully object to the Magistrate Judge's conclusions regarding his other claims, the Court will accept those conclusions without further review.

#### 1. Ineffective Assistance of Counsel

Solis bears the burden of demonstrating his trial counsel was ineffective. *See Strickland v. Washington*, 466 U.S. 668, 687–87 (1984). "*Strickland*'s standard . . . is highly demanding." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). To succeed under *Strickland*, Solis must demonstrate that (1) his counsel's representation fell below an objective standard of reasonableness and (2) that the failure prejudiced him. *Strickland*, 466 U.S. at 687. To establish prejudice, Solis must show that there is a "reasonable probability" that the outcome of the proceedings would have been different but for counsel's deficient performance. *Id*. Courts reviewing decisions of trial counsel are limited by the presumption that decisions of counsel fall within a wide range of reasonable assistance. *Id*. at 689–90. This means that courts must avoid "the distorting effects of hindsight" as much as possible, and "evaluate the conduct from the counsel's perspective at the time." *Id*. at 689. Even if counsel fails to substantially investigate all plausible lines of defense, assistance can still be effective. *Id*. at 681.

For ineffective assistance of counsel claims under *Strickland*, "each unrelated alleged instance of counsel's ineffectiveness is a separate claim for purposes of exhaustion." *Gulbrandson v. Ryan*, 738 F.3d 976, 922 (9th Cir. 2013) (internal quotation

marks omitted). So the Court will evaluate each of Solis's claims that his counsel failed to investigate or call particular witnesses.

### a. Failure to Interview Gang Expert

Petitioner argues that his counsel's failure to interview the prosecution's gang expert before trial resulted in counsel being unprepared to defend against the expert's testimony. (Doc. 1 at 10–11). On post-conviction review, the trial court determined that Solis's trial counsel was adequately prepared to cross-examine Davis, because he had previously questioned him in an evidentiary hearing. (Doc. 13-3, Ex. R. at 177). Petitioner fails to demonstrate that this decision violated clearly established federal law or involved an unreasonable determination of the facts. *See Lord v. Wood*, 184 F.3d 1083, 1095 n.8 (9th Cir. 1999) ("Counsel is not obligated to interview every witness personally in order to be adjudged to have performed effectively."). Thus, the Court cannot grant relief on this basis.

### b. Failure to Call Witnesses

Solis additionally argues that his counsel was ineffective because they failed to call two witnesses, Maria Galvez and Robert Franco, to the stand. The PCR trial court found that there was no evidence that Solis requested that his counsel call these witnesses, and more importantly, there was no evidence that Galvez or Franco would have testified to anything that would have been favorable to Solis. Thus, Solis "failed to show either deficient performance or resulting prejudice." (Doc. 13-2, Ex. R. at 177–80). The PCR trial court correctly concluded that this was not ineffective assistance of counsel under *Strickland*, so the Court cannot grant relief here.

### c. Failure to Call Co-Defendant

Solis further argues that his trial counsel was ineffective because they failed to call his co-defendant, who would have testified that Solis had a beer bottle in his hand, not a gun. (Doc. 1 at 10). The post-conviction relief trial court found that Solis's trial counsel was not ineffective, because his co-defendant's trial had not happened yet and his co-defendant would have claimed the protection of the Fifth Amendment. (Doc. 13-2, Ex. R. at 179–180). Solis again fails to demonstrate that the holding of the PCR trial court violated

clearly established federal law or represented an unreasonable determination of the facts. Solis does not point to any evidence that would suggest that his co-defendant would have testified favorably.

### 2. The PCR Trial Court reasonably concluded that the victim's recantation was wholly incredible.

Pointing to the victim's testimony and letter, Solis argues that there was prosecutorial misconduct in his case and that he is actually innocent. On review, the PCR trial court rejected both claims because it found the victim's recantation to be "totally untruthful," and held that because the victim's testimony was "equivocal at best," Solis "failed to establish grounds for relief." (Doc. 13-5 at 120, 118). The PCR trial court pointed to the fact that Solis contacted the victim first, the victim admitted he did not remember many details of the event, and that the victim testified that he told police at the scene that Solis pointed a weapon at him. (*Id.* at 117).

Solis presents no other evidence from which this Court could conclude that the PCR trial court's findings were an unreasonable determination of the facts. Without more, this Court must accept the trial court's credibility determinations. *See Davis v. Ayala*, 135 S. Ct. 2187, 2201 (2015) ("[E]ven if reasonable minds reviewing the record might disagree about [a person's] credibility, on habeas review that does not suffice to supersede the trial court's credibility determination.") Nor does Solis point to additional evidence that could show that the PCR court's determination that he failed to establish his actual innocence was unreasonable. Thus, Petitioner's claims of prosecutorial misconduct and actual innocence fail.

### 3. Judicial Bias

Solis claims that the PCR trial court exhibited judicial bias in his case by denying various motions in his case. (Doc. 1 at 20). This claim fails. Judicial bias can "almost never" be demonstrated based on a judicial ruling alone. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Because Solis does not point to anything other than the denied motions, this request for relief is denied.

### 4. Due Process

#### a. Victim's False Testimony

Solis argues that his conviction was obtained in violation of the due process clause because the prosecution knowingly used the false testimony of the victim. But because the PCR trial court correctly determined that the victim did not give a credible recantation of his testimony, there is no evidence to support Solis's assertion that the victim's original testimony was false. Thus, this claim lacks merit.

#### b. Co-Defendant Severance

Petitioner's co-defendant severance claim is procedurally defaulted. Solis attempted to raise this in his fourth petition for post-conviction relief. (Doc. 13-6 Ex. XX at 69). Because there was no new evidence to support his claim, the PCR trial court concluded that it was untimely. Solis does not present any grounds to excuse his procedural default, so this claim must also be dismissed.

### CONCLUSION

Magistrate Judge Boyle correctly determined that Solis's petition lacks merit. Thus, the Court will accept the R&R and deny the petition.

**IT IS HEREBY ORDERED** that Magistrate Judge Boyle's R&R (Doc. 19) is adopted.

**IT IS FURTHER ORDERED** denying and dismissing with prejudice the Petitioner's Petition for the Writ of Habeas Corpus (Doc. 1) and directing the Clerk of Court to terminate this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner Solis's Motion to Amend (Doc. 27) is **GRANTED**

**IT IS FURTHER ORDERED** that petitioner Solis's Motion to Appoint Counsel (Doc. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that the request for a Certificate of Appealability and leave to proceed in forma pauperis on appeal is **DENIED** because dismissal of the

| | |
|---|---|
| 1 | Petition is justified by a plain procedural bar and jurists of reason would not find the ruling |
| 2 | debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). |
| 3 | Dated this 8th day of April, 2019. |

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge